| | DOCKET NUMBER (Transferring Court) |
|---|---|
| **TRANSFER OF JUSRISDICTION**<br><br>FILED BY___KS___ D.C.<br>Oct 19, 2021<br>ANGELA E. NOBLE<br>CLERK U.S. DIST. CT.<br>S. D. OF FLA. - Miami | 0756 4:14CR00031-005 |

| | DOCKET NUMBER (Receiving Court) |
|---|---|
| | **21-tp-20080-GAYLES** |

| NAME & ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | | DISTRICT | DIVISION |
|---|---|---|---|
| Yoel Palenzuela-Mendez<br>Hialeah, FL 33012 | **FILED**<br>**4:34 pm, Oct 05, 2021**<br>**U.S. DISTRICT COURT**<br>SOUTHERN DISTRICT OF INDIANA<br>Roger A.G. Sharpe, Clerk | Southern District Of Indiana | New Albany |

| NAME OF SENTENCING JUDGE |
|---|
| The Honorable Tanya Walton Pratt |
| U.S. District Court Judge |

| DATES OF PROBATION/SUPERVISED RELEASE | FROM | TO |
|---|---|---|
| | 08/30/2019 | 08/29/2022 |

OFFENSE
Possession of Goods Stolen from Interstate Commerce

## PART 1 - ORDER TRANSFERRING JURISDICTION

*United States District Court for the Southern District of Indiana*

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the _____Southern District of Florida_____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.

Date: 10/7/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

## PART 2 - ORDER ACCEPTING JURISDICTION

*United States District Court for the Southern District of Florida*

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

10/13/2021
Date

United States District Judge

AO 245B    (Rev. 09/13) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT

## Southern    District of    Indiana

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| YOEL PALENZUELA-MENDEZ | Case Number:   4:14CR00031-005 |
| | USM Number:  12731-028 |
| | David S. Mejia |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   21, 22, & 23

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 659 | Possession of Goods Stolen from Interstate Commerce | 5/28/2015 | 21 |
| 18 U.S.C.§§ 2314 & 2 | Attempt Interstate Transportation of Stolen Property | 5/28/2015 | 22 |
| 18 U.S.C. §§ 371 & 659 | Conspiracy to Possess Goods Stolen from Interstate Commerce | 5/28/2015 | 23 |

   The defendant is sentenced as provided in pages 2 through    5    of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                          ☐ is   ☐ are  dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

04/29/2016
Date of Imposition of Judgment

**A CERTIFIED TRUE COPY**
Laura A. Briggs, Clerk
U.S. District Court
Southern District of Indiana

By
Deputy Clerk

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

5/9/2016
Date

AO 245B    (Rev. 09/13) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page ___2___ of ___5___

DEFENDANT:        YOEL PALENZUELA-MENDEZ
CASE NUMBER:      4:14CR00031-005

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:        60 months on each count, concurrent

☒ The court makes the following recommendations to the Bureau of Prisons:
The defendant be designated to a facility in southern Florida closest to Miami.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m.   on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/13) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page    3    of    5

DEFENDANT:    YOEL PALENZUELA-MENDEZ
CASE NUMBER:    4:14CR00031-005

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : 3 years on each count, concurrent.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16913, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the conditions listed below:

## CONDITIONS OF SUPERVISION

1. You shall surrender as directed to U.S. Immigration and Customs Enforcement and abide by instructions and reporting directives pending resolution of deportation proceedings.

2. If released from confinement, not deported, or you legally re-enter the country, you shall report to the nearest probation office within 72 hours.

3. You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

4. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

5. You shall permit a probation officer to visit you at a reasonable time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.

6. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

7. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

8. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the change.

9. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in residence occupants, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

10. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

AO 245B    (Rev. 09/13) Judgment in a Criminal Case
          Sheet 5 — Criminal Monetary Penalties

| | | Judgment — Page | 3.01 | of | 5 |

DEFENDANT:       YOEL PALENZUELA-MENDEZ
CASE NUMBER:     4:14CR00031-005

11. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

12. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

13. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

14. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

15. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

16. You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.

17. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

I understand that I and/or the probation officer may petition the Court to modify these conditions, and the final decision to modify these terms lies with the Court. If I believe these conditions are being enforced unreasonably, I may petition the Court for relief or clarification; however, I must comply with the directions of my probation officer unless or until the Court directs otherwise. Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the condition of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____        _____
Defendant                               Date

_____        _____
U.S. Probation Officer/Designated Witness   Date

AO 245B    (Rev. 09/13) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___4___ of ___5___

DEFENDANT:        YOEL PALENZUELA-MENDEZ
CASE NUMBER:      4:14CR00031-005

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 300.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $ _____ | $ _____ | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/13) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page    5    of    5

DEFENDANT:      YOEL PALENZUELA-MENDEZ
CASE NUMBER:      4:14CR00031-005

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐  Lump sum payment of _____ due immediately, balance due

        ☐ not later than _____ , or
        ☐ in accordance ☐ C ☐ D ☐ E, or ☐ G below; or

**B** ☒  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ G below); or

**C** ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
        _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
        _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
        term of supervision; or

**E** ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
        imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐  If this case involves other defendants, each may be held jointly and severally liable for payment of all or part of the
        restitution ordered herein and the Court may order such payment in the future. The victims' recovery is limited to the
        amount of loss, and the defendant's liability for restitution ceases if and when the victims receive full restitution.

**G** ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

     Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
     and corresponding payee, if appropriate.

| Defendant Name | Case Number | Joint & Several Amount |
|---|---|---|

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s): _____

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

FILED
U.S. DISTRICT COURT
EVANSVILLE DIVIS.
2015 JUN 24  PM 2:
SOUTHERN DISTRICT
OF INDIANA
LAURA A.

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Cause No.: 4:14-cr-00031-TWP-WGH |
| | ) |
| CARLOS ENRIQUE FREIRE-PIFFERRER, | )  -01 |
| JUAN PEREZ-GONZALEZ, | )  -02 |
| EDUARDO HERNANDEZ, | )  -03 |
| MARIO HERNANDEZ-OQUENDO, | )  -04 |
| YOEL PALENZUELA-MENDEZ, | )  -05 |
| ORLIS MACHADO-CANTILLO, | )  -06 |
| MIGUEL MOMPIE, and | )  -07 |
| RITZY ROBERT-MONTANER, | )  -08 |
| | ) |
| *Defendants.* | ) |

## SUPESEDING INDICTMENT

### COUNT 1
18 U.S.C. § 2314
(Interstate Transportation of Stolen Property)

The Grand Jury charges that:

On or about May 1, 2013, within the Southern District of Indiana and elsewhere,

defendants,

CARLOS ENRIQUE FREIRE-PIFFERRER, and
JUAN PEREZ-GONZALEZ,

did unlawfully transport, transmit, and transfer in interstate commerce from the State of Indiana to

the Commonwealth of Kentucky, stolen goods, wares and merchandise, including Dell Computer

equipment, of a value of approximately $280,000, knowing the same to have been stolen;

All in violation of Title 18, United States Code, Sections 2314 and 2.

1

**COUNT 2**
18 U.S.C. § 659
(Possession of Goods Stolen From Interstate Commerce)

The Grand Jury further charges that:

On or about May 1, 2013, within the Southern District of Indiana and elsewhere,

defendants,

CARLOS ENRIQUE FREIRE-PIFFERRER, and
JUAN PEREZ-GONZALEZ,

did knowingly have in their possession goods and chattels of a value in excess of $1,000.00, that is

a shipment of Dell Computer equipment, of a value of approximately $280,000, which had been

stolen while moving as an interstate shipment of property from the State of Tennessee to Ontario,

Canada, knowing the said goods and chattels to be stolen;

All in violation of Title 18, United State Code, Sections 659 and 2.

**COUNT 3**
18 U.S.C. § 2314
(Interstate Transportation of Stolen Property)

The Grand Jury charges that:

On or about October 25, 2013, within the Southern District of Indiana, defendants,

CARLOS ENRIQUE FREIRE-PIFFERRER, and
JUAN PEREZ-GONZALEZ,

did unlawfully transport, transmit, and transfer in interstate commerce from the State of Indiana to

the Commonwealth of Kentucky, stolen goods, wares and merchandise, including approximately

25,000 LG brand cellular telephones, of a value of approximately $11,900,000.00, knowing the

same to have been stolen;

All in violation of Title 18, United States Code, Sections 2314 and 2.

2

**COUNT 4**
18 U.S.C. § 659
(Possession of Goods Stolen From Interstate Commerce)

The Grand Jury further charges that:

On or about October 25, 2013, within the Southern District of Indiana and elsewhere,

defendants,

**CARLOS ENRIQUE FREIRE-PIFFERRER, and**
**JUAN PEREZ-GONZALEZ,**

did knowingly have in their possession goods and chattels of a value in excess of $1,000.00, that is

a total of approximately 25,000 LG brand cellular telephones, of a value of approximately

$11,900,000, which had been stolen while moving as an interstate shipment of property from the

State of Illinois to the Commonwealth of Kentucky, knowing the said goods and chattels to be

stolen;

All in violation of Title 18, United State Code, Sections 659 and 2.

**COUNT 5**
18 U.S.C. § 659
(Possession of Goods Stolen From Interstate Commerce)

The Grand Jury further charges that:

On or about March 3, 2014, within the Southern District of Indiana and elsewhere,

defendants,

**CARLOS ENRIQUE FREIRE-PIFFERRER, and**
**EDUARDO HERNANDEZ,**

did knowingly have in their possession goods and chattels of a value in excess of $1,000.00, that is

a load of WEN personal care products, of a value of approximately $51,887, which had been stolen

while moving as an interstate shipment of property from the State of Iowa, through Indiana, to the

State of North Carolina, knowing the said goods and chattels to be stolen;

3

All in violation of Title 18, United State Code, Sections 659 and 2.

## COUNT 6
18 U.S.C. § 2314
(Interstate Transportation of Stolen Property)

The Grand Jury further charges that:

On or about March 3, 2014, within the Southern District of Indiana and elsewhere,

defendants,

CARLOS ENRIQUE FREIRE-PIFFERRER, and
EDUARDO HERNANDEZ,

did unlawfully transport, transmit, and transfer in interstate commerce from the State of Indiana to

the State of Illinois, stolen goods, wares and merchandise, including a load of WEN personal care

products, of a value of approximately $51,887, knowing the same to have been stolen;

All in violation of Title 18, United States Code, Sections 2314 and 2.

## COUNT 7
18 U.S.C. § 659
(Possession of Goods Stolen From Interstate Commerce)

The Grand Jury further charges that:

On or about March 11, 2014, within the Southern District of Indiana and elsewhere,

defendants,

CARLOS ENRIQUE FREIRE-PIFFERRER, and
EDUARDO HERNANDEZ,

did knowingly have in their possession goods and chattels of a value in excess of $1,000.00, that is

a load of Hewlett Packard computer equipment, of a value of approximately $462,982, which had

been stolen while moving as an interstate shipment of property from the State of Indiana to British

Columbia, Canada, knowing the said goods and chattels to be stolen;

All in violation of Title 18, United State Code, Sections 659 and 2.

4

**COUNT 8**
18 U.S.C. § 2314
(Interstate Transportation of Stolen Property)

The Grand Jury further charges that:

On or about March 11, 2014, within the Southern District of Indiana and elsewhere,

defendants,

CARLOS ENRIQUE FREIRE-PIFFERRER, and
EDUARDO HERNANDEZ,

did unlawfully transport, transmit, and transfer in interstate commerce from the State of Indiana to

the Commonwealth of Kentucky, stolen goods, wares and merchandise, including a load of

Hewlett Packard computer equipment, of a value of approximately $462,982, knowing the same to

have been stolen;

All in violation of Title 18, United States Code, Sections 2314 and 2.

**COUNT 9**
18 U.S.C. § 659
(Possession of Goods Stolen From Interstate Commerce)

The Grand Jury further charges that:

On or about June 4, 2014, within the Southern District of Indiana and elsewhere,

defendants,

ORLIS MACHADO-CANTILLO, and
MIGUEL MOMPIE,

did knowingly have in their possession goods and chattels of a value in excess of $1,000.00, that is

a load of LG cellular telephones, of a value of approximately $1,500,000, which had been stolen

while moving as an interstate shipment of property from the State of Illinois to the State of Texas,

knowing the said goods and chattels to be stolen;

All in violation of Title 18, United State Code, Sections 659 and 2.

5

**COUNT 10**
18 U.S.C. § 2314
(Interstate Transportation of Stolen Property)

The Grand Jury further charges that:

On or about June 4, 2014, within the Southern District of Indiana and elsewhere, defendants,

ORLIS MACHADO-CANTILLO, and
MIGUEL MOMPIE,

did unlawfully transport, transmit, and transfer in interstate commerce from the State of Indiana to the Commonwealth of Kentucky, stolen goods, wares and merchandise, including a load of LG cellular telephones, of a value of approximately $1,500,000, knowing the same to have been stolen;

All in violation of Title 18, United States Code, Sections 2314 and 2.

**COUNT 11**
18 U.S.C. § 659
(Possession of Goods Stolen From Interstate Commerce)

The Grand Jury further charges that:

On or about October 3, 2014, within the Southern District of Indiana and elsewhere, defendants,

ORLIS MACHADO-CANTILLO,
MIGUEL MOMPIE,

did knowingly have in their possession goods and chattels of a value in excess of $1,000.00, that is a load of Samsung Appliances, of a value of approximately $53,000, which had been stolen while moving as an interstate shipment of property from the State of Illinois, through Indiana, to the State of Florida, knowing the said goods and chattels to be stolen;

All in violation of Title 18, United State Code, Sections 659 and 2.

6

## COUNT 12
18 U.S.C. § 2314
(Interstate Transportation of Stolen Property)

The Grand Jury further charges that:

On or about October 3, 2014, within the Southern District of Indiana and elsewhere,

defendants,

ORLIS MACHADO-CANTILLO, and
MIGUEL MOMPIE,

did unlawfully transport, transmit, and transfer in interstate commerce from the State of Indiana to

the Commonwealth of Kentucky, stolen goods, wares and merchandise, including a load of

Samsung Appliances, of a value of approximately $53,000, knowing the same to have been stolen;

All in violation of Title 18, United States Code, Sections 2314 and 2.

## COUNT 13
18 U.S.C. § 659
(Possession of Goods Stolen From Interstate Commerce)

The Grand Jury further charges that:

On or about October 16, 2014, within the Southern District of Indiana and elsewhere,

defendants,

ORLIS MACHADO-CANTILLO,
MIGUEL MOMPIE,

did knowingly have in their possession goods and chattels of a value in excess of $1,000.00, that is

a load of Panasonic products, of a value of approximately $100,000, which had been stolen while

moving as an interstate shipment of property from the State of Illinois, through Indiana, to the

State of Florida, knowing the said goods and chattels to be stolen;

All in violation of Title 18, United State Code, Sections 659 and 2.

7

## COUNT 14
18 U.S.C. § 2314
(Interstate Transportation of Stolen Property)

The Grand Jury further charges that:

On or about October 16, 2014, within the Southern District of Indiana and elsewhere,

defendants,

ORLIS MACHADO-CANTILLO, and
MIGUEL MOMPIE,

did unlawfully transport, transmit, and transfer in interstate commerce from the State of Indiana to

the Commonwealth of Kentucky, stolen goods, wares and merchandise, including a load of

Panasonic products, of a value of approximately $100,000, knowing the same to have been stolen;

All in violation of Title 18, United States Code, Sections 2314 and 2.

## COUNT 15
18 U.S.C. § 659
(Possession of Goods Stolen From Interstate Commerce)

The Grand Jury further charges that:

On or about November 28, 2014, within the Southern District of Indiana and elsewhere,

defendants,

CARLOS ENRIQUE FREIRE-PIFFERRER, and
MIGUEL MOMPIE,

did knowingly possess goods and chattels of a value in excess of $1,000, that is a load of

Yokohama tires valued at approximately $90,000, which had been stolen while moving as an

interstate shipment of property from the Commonwealth of Indiana to the State of Indiana,

knowing the said goods and chattels to be stolen;

All in violation of Title 18, United State Code, Section 659 and 2.

## COUNT 16
### 18 U.S.C. § 2314
(Interstate Transportation of Stolen Property)

The Grand Jury further charges that:

On or about November 28, 2014, within the Southern District of Indiana and elsewhere,

defendants,

CARLOS ENRIQUE FREIRE-PIFFERRER, and
MIGUEL MOMPIE,

did unlawfully transport, transmit, and transfer in interstate commerce from the State of Indiana to

the Commonwealth of Kentucky, stolen goods, wares and merchandise, including a load of

Yokohama tires valued at approximately $90,000, knowing the same to have been stolen;

All in violation of Title 18, United States Code, Sections 2314 and 2.

## COUNT 17
### 18 U.S.C. § 659
(Possession of Goods Stolen From Interstate Commerce)

The Grand Jury further charges that:

On or about December 9, 2014, within the Southern District of Indiana and elsewhere,

defendants,

CARLOS ENRIQUE FREIRE-PIFFERRER,
MIGUEL MOMPIE, and
ORLIS MACHADO,

did knowingly possess goods and chattels of a value in excess of $1,000, that is a total of

approximately 4,600 cellular telephones valued at approximately $460,000, which had been stolen

from T-Mobile Corporation while moving as an interstate shipment of property from the

Commonwealth of Kentucky to the State of California, knowing the said goods and chattels to be

stolen;

9

All in violation of Title 18, United State Code, Section 659 and 2.

## COUNT 18
### 18 U.S.C. § 2314
### (Interstate Transportation of Stolen Property)

The Grand Jury further charges that:

On or about December 9, 2014, within the Southern District of Indiana and elsewhere,

defendants,

### CARLOS ENRIQUE FREIRE-PIFFERRER,
### MIGUEL MOMPIE, and
### ORLIS MACHADO,

did unlawfully transport, transmit, and transfer in interstate commerce from the State of Indiana to

the Commonwealth of Kentucky, stolen goods, wares and merchandise, including approximately

4,600 cellular telephones valued at approximately $460,000, knowing the same to have been

stolen;

All in violation of Title 18, United States Code, Sections 2314 and 2.

## COUNT 19
### 18 U.S.C. § 659
### (Possession of Goods Stolen From Interstate Commerce)

The Grand Jury further charges that:

On or about February 3, 2015, within the Southern District of Indiana and elsewhere,

defendants,

### CARLOS ENRIQUE FREIRE-PIFFERRER,
### MIGUEL MOMPIE, and
### ORLIS MACHADO,

did knowingly possess goods and chattels of a value in excess of $1,000, that is a load of

Mead-Johnson baby formula valued at approximately $350,000, which had been stolen while

10

moving as an interstate shipment of property from the State of Indiana to the State of

Pennsylvania, knowing the said goods and chattels to be stolen;

All in violation of Title 18, United State Code, Section 659 and 2.

### COUNT 20

18 U.S.C. § 2314
(Interstate Transportation of Stolen Property)

The Grand Jury further charges that:

On or about February 3, 2015, within the Southern District of Indiana and elsewhere,

defendants,

CARLOS ENRIQUE FREIRE-PIFFERRER,
MIGUEL MOMPIE, and
ORLIS MACHADO,

did unlawfully transport, transmit, and transfer in interstate commerce from the State of Ohio to

the State of Indiana, stolen goods, wares and merchandise, including a load of Mead-Johnson baby

formula valued at approximately $350,000, knowing the same to have been stolen;

All in violation of Title 18, United States Code, Sections 2314 and 2.

### COUNT 21
18 U.S.C. § 659
(Possession of Goods Stolen From Interstate Commerce)

The Grand Jury further charges that:

On or about May 28, 2015, within the Southern District of Indiana, defendants,

CARLOS ENRIQUE FREIRE-PIFFERRER,
MARIO HERNANDEZ-OQUENDO, and
YOEL PALENZUELA-MENDEZ,

did knowingly possess goods and chattels of a value in excess of $1,000, that is a load T-Mobile

products valued at approximately $2,300,000, which had been stolen while moving as an interstate

11

shipment of property from the Commonwealth of Kentucky to the State of Indiana, knowing the said goods and chattels to be stolen;

All in violation of Title 18, United State Code, Section 659 and 2.

## COUNT 22
18 U.S.C. § 2314
(Interstate Transportation of Stolen Property)

The Grand Jury further charges that:

On or about May 28, 2015, within the Southern District of Indiana, defendants,

CARLOS ENRIQUE FREIRE-PIFFERRER,
MARIO HERNANDEZ-OQUENDO, and
YOEL PALENZUELA-MENDEZ,

did unlawfully attempt to transport, transmit, and transfer in interstate commerce from the State of Indiana to the Commonwealth of Kentucky, stolen goods, wares and merchandise, including a load of T-Mobile products valued at approximately $2,300,000, knowing the same to have been stolen;

All in violation of Title 18, United States Code, Sections 2314 and 2.

12

## COUNT 23
18 U.S.C. §371
(Conspiracy)

The Grand Jury further charges that:

From on or about August 2012, and continuing through and including May 2015, in the

Southern District of Indiana and elsewhere,

CARLOS ENRIQUE FREIRE-PIFFERRER,
JUAN PEREZ-GONZALEZ,
EDUARDO HERNANDEZ,
MARIO HERNANDEZ-OQUENDO,
YOEL PALENZUELA-MENDEZ,
ORLIS MACHADO-CANTILLO,
MIGUEL MOMPIE, and
RITZY ROBERT-MONTANER,

defendants herein, knowingly and intentionally conspired, together and with persons known and

unknown to the Grand Jury, to commit an offense against the United States, that is, the

possession of goods valued in excess of $1,000 stolen from interstate shipments, in violation of

Title 18,United States Code, Section 659.

### Purpose and Object of the Conspiracy

It was the purpose and object of the conspiracy to steal property being transported in

interstate commerce by semi-tractor trailers, transport the stolen merchandize to locations in

Kentucky, New Jersey, Florida, and elsewhere, and to sell the stolen merchandise for financial

gain.

### Manner and Means

To accomplish the purpose and object of this conspiracy, defendants CARLOS ENRIQUE

FREIRE-PIFFERRER ("FREIRE"), JUAN PEREZ-GONZALEZ ("PEREZ"), EDUARDO

HERNANDEZ ("EDUARDO HERNANDEZ"), MARIO HERNANDEZ-OQUENDO ("MARIO

13

HERNANDEZ"), YOEL PALENZUELA-MENDEZ ("PALENZUELA"), ORLIS MACHADO-
CANTILLO ("MACHADO"), MIGUEL MOMPIE ("MOMPIE"), RITZY ROBERT-
MONTENER ("ROBERT") and other co-conspirators used the following manners and means:

(a)   FREIRE, PEREZ, EDUARDO HERNANDEZ, MARIO HERNANDEZ,
PALENZUELA, MACHADO, MOMPIE, ROBERT and their co-conspirators traveled from
various locations throughout the United States to Virginia, Illinois, Indiana, Kentucky, North
Carolina, South Carolina, Ohio, Oklahoma, Tennessee, and other U.S. States to steal products that
were being shipped in interstate commerce.

(b)   FREIRE, PEREZ, EDUARDO HERNANDEZ, MARIO HERNANDEZ,
PALENZUELA, MACHADO, MOMPIE, ROBERT and their co-conspirators reconnoitered
distribution facilities used by various national companies to distribute their products in interstate
commerce.

(c)   FREIRE, PEREZ, EDUARDO HERNANDEZ, MARIO HERNANDEZ,
PALENZUELA, MACHADO, MOMPIE, ROBERT and their co-conspirators located and then
followed semi-tractor trailers leaving the distribution facilities transporting products in interstate
commerce.

(d)   When the driver of the cargo load would stop to rest or refuel his/her truck, FREIRE,
PEREZ, EDUARDO HERNANDEZ, MARIO HERNANDEZ, PALENZUELA, MACHADO,
MOMPIE, ROBERT and their co-conspirators would steal the entire semi-tractor and trailer.

(e)   In many cases, FREIRE, PEREZ, EDUARDO HERNANDEZ, MARIO
HERNANDEZ, PALENZUELA, MACHADO, MOMPIE, ROBERT and their co-conspirators
would abandon the stolen tractor a short distance away after hooking the stolen trailer up to a
tractor owned/operated by one of the co-conspirators.

14

(f)  In many cases, FREIRE, PEREZ, EDUARDO HERNANDEZ, MARIO HERNANDEZ, PALENZUELA, MACHADO, MOMPIE, ROBERT and their co-conspirators would quickly paint over any logos on the stolen trailer in an effort to conceal the identity of the trailer and evade law enforcement detection.

Overt Acts

In furtherance of the conspiracy and to effect the object thereof, defendants FREIRE, PEREZ, EDUARDO HERNANDEZ, MARIO HERNANDEZ, PALENZUELA, MACHADO, MOMPIE, ROBERT and other co-conspirators known and unknown to the Grand Jury ("co-conspirators") committed at least one of the following overt acts, among others, in the Southern District of Indiana:

1.  On or about August 23, 2012, PEREZ, FREIRE, and other co-conspirators traveled to Roanoke, Virginia, and reconnoitered a distribution facility used by Elizabeth Arden;

2.  On or about August 23, 2012, PEREZ, FREIRE, and other co-conspirators located a semi-tractor trailer that had left the Roanoke distribution facility laden with Elizabeth Arden products;

3.  On or about August 23, 2012, PEREZ, FREIRE, and other co-conspirators traveled to a Walmart store near Lexington, Virginia;

4.  On or about August 23, 2012, PEREZ, FREIRE, and other co-conspirators traveled to the TA Travel Center in Troutville, Virginia, where they stole a semi-tractor and trailer hauling Elizabeth Arden products;

5.  On or about May 1, 2013, PEREZ, FREIRE, and other co-conspirators traveled to Nashville, Tennessee, and reconnoitered a distribution facility used by Dell Computers;

15

6. On or about May 1, 2013, PEREZ, FREIRE, and other co-conspirators traveled to the Pilot Travel Center in VanBuren, Ohio, where they stole a semi-tractor and trailer hauling Dell computer equipment;

7. On or about May 1, 2013, PEREZ, FREIRE, and other co-conspirators transported the stolen load of Dell computers from Ohio to Indiana, and then to Louisville, Kentucky, utilizing Interstate 69 and Interstate 65.

8. On or about May 1, 2013, PEREZ, FREIRE, and other co-conspirators abandoned a stolen semi-trailer in Hamburg, Indiana;

9. On or about July 2, 2013, PEREZ, FREIRE and other co-conspirators traveled to North Carolina and reconnoitered a distribution facility used by Ralph Lauren;

10. On or about July 2, 2013, PEREZ, FREIRE and other co-conspirators traveled to the Time Out Travel Center in Newport, Tennessee, where they stole a semi-tractor and trailer hauling Ralph Lauren products;

11. On or about October 24, 2013, PEREZ, FREIRE and other co-conspirators traveled to Bolingbrook, Illinois, and reconnoitered a distribution facility used by LG Electronics;

12. On or about October 24, 2013, PEREZ, FREIRE, and other co-conspirators traveled to the Petro Truck Stop in Gary, Indiana, where they stole a semi-tractor and trailer hauling LG cellular telephones;

13. On or about October 24, 2013, PEREZ, FREIRE, and other co-conspirators transported the stolen trailer containing LG cellular telephones from Gary, Indiana, to Louisville, Kentucky, utilizing Interstate 65.

14. On or about November 27, 2013, EDUARDO HERNANDEZ, FREIRE and other co-conspirators traveled to Hebron, Kentucky, and reconnoitered a distribution facility used by Levi Strauss.

15. On or about November 27, 2013, EDUARDO HERNANDEZ, FREIRE and other co-conspirators traveled to the Pilot Travel Center in Staunton, Virginia, where they stole a semi-tractor and trailer loaded with Levi Strauss products.

16. On or about January 20, 2014, EDUARDO HERNANDEZ, FREIRE and other co-conspirators traveled to Sandstone, Virginia, and reconnoitered a distribution facility used by Hewlett Packard.

17. On or about January 20, 2014, EDUARDO HERNANDEZ, FREIRE and other co-conspirators traveled to a Flying J truck stop in Ruther Glen, Virginia, and stole a semi-tractor and trailer loaded with Hewlett Packard products.

18. On or about February 14, 2014, EDUARDO HERNANDEZ, FREIRE and other co-conspirators traveled to Sandstone, Virginia, and reconnoitered a distribution facility used by Hewlett Packard.

19. On or about February 14, 2014, EDUARDO HERNANDEZ, FREIRE and other co-conspirators traveled to a Flying J truck stop in Blacksburg, South Carolina, and stole a semi-tractor and trailer loaded with Hewlett Packard products.

20. On or about March 3, 2014, EDUARDO HERNANDEZ, FREIRE and other co-conspirators traveled to Des Moines, Iowa, and reconnoitered a distribution facility used by WEN personal care products.

17

21.  On or about March 3, 2014, EDUARDO HERNANDEZ, FREIRE, and other co-conspirators traveled to the Pilot Travel Center in Covington, Indiana, where they stole a semi-tractor and trailer loaded with WEN personal care products.

22.  On or about March 11, 2014, EDUARDO HERNANDEZ, FREIRE and other co-conspirators traveled to Plainfield, Indiana, and reconnoitered a distribution facility used by Hewlett Packard.

23.  On or about March 11, 2014, EDUARDO HERNANDEZ, FREIRE and other co-conspirators traveled to a Love's Travel Stop in Marion, Indiana, where they stole a semi-tractor and trailer loaded with Hewlett Packard products.

24.  On or about March 11, 2014, EDUARDO HERNANDEZ, FREIRE, and other co-conspirators transported the stolen load of Hewlett Packard products from Marion, Indiana, to the Commonwealth of Kentucky, utilizing Interstate 69 and Interstate 65.

25.  On or about June 4, 2014, MACHADO, MOMPIE, and other co-conspirators traveled to Bowlingbrook, Illinois, and reconnoitered a distribution facility used by LG Electronics.

26.  On or about June 4, 2014, MACHADO, MOMPIE, and other co-conspirators traveled to a Pilot Travel Center in Troy, Illinois, and stole a semi-tractor and trailer loaded with LG cellular telephones.

27.  On or about June 4, 2014, MACHADO, MOMPIE, and other co-conspirators transported the stolen load of LG cellular telephones from Troy, Illinois, to the Commonwealth of Kentucky, utilizing Interstate 64.

28.  On or about August 1, 2014, MOMPIE and other co-conspirators traveled to North Carolina where they reconnoitered a distribution facility used by COTY cosmetics.

18

29. On or about August 1, 2014, MOMPIE and other co-conspirators traveled to a Flying J truck stop in Wytheville, Virginia, where they stole a semi-tractor and trailer loaded with COTY cosmetics.

30. On or about October 3, 2014, MACHADO, MOMPIE, and other co-conspirators traveled to a Flying J truck stop in Whiteland, Indiana, and stole a semi-tractor and trailer loaded with Samsung Appliances.

31. On or about October 16. 2014, MACHADO, MOMPIE, and other co-conspirators traveled to a Flying J truck stop in Lebanon, Indiana, and stole a semi-tractor and trailer loaded with Panasonic products.

32. On or about December 9, 2014, FREIRE, MACHADO, MOMPIE, and other co-conspirators reconnoitered a distribution facility in Louisville, Kentucky, used by T-Mobile.

33. On or about December 9, 2014, FREIRE, MACHADO, MOMPIE, and other co-conspirators traveled to a Flying J truck stop in Oklahoma City, Oklahoma, and stole a semi-tractor and trailer loaded with T-Mobile cellular telephones.

34. On or about December 10, 2014, MOMPIE activated one of the stolen T-Mobile cellular telephones on the T-Mobile network.

35. On or about December 10, 2014, FREIRE, MACHADO, MOMPIE, and other co-conspirators transported the stolen load of T-Mobile cellular telephones from the State of Oklahoma to the Commonwealth of Kentucky utilizing Interstate 64.

36. On or about February 3, 2015, FREIRE, MACHADO, MOMPIE, and other co-conspirators traveled to Mount Vernon, Indiana, and reconnoitered a distribution facility used by Mead-Johnson.

19

37.   On or about February 3, 2015, FREIRE, MACHADO, MOMPIE, and other co-conspirators traveled to a Flying J truck stop in Jeffersonville, Ohio, and stole a semi-tractor and trailer loaded with Mead-Johnson baby formula.

38.   On or about February 25, 2015, MACHADO, MOMPIE and ROBERT traveled to North Carolina where they reconnoitered a distribution facility used by COTY cosmetics.

39.   On or about February 25, 2015, MACHADO, MOMPIE and ROBERT traveled to a TA truck stop in Wytheville, Virginia, where they attempted to steal a semi-tractor and trailer loaded with COTY cosmetics.

40.   On or about May 28, 2015, FREIRE, PALENZUELA, MARIO HERNANDEZ, and other co-conspirators reconnoitered a distribution facility in Louisville, Kentucky, used by T-Mobile.

41.   On or about May 28, 2015, FREIRE, PALENZUELA, MARIO HERNANDEZ, and other co-conspirators traveled to a Pilot Travel Center in Memphis, Indiana, where the co-conspirators attempted to steal a semi-tractor and trailer loaded with T-Mobile products.

All in violation of Title 18, United States Code, Section 371.

A TRUE BILL:

FOREPERSON

JOSH J. MINKLER
United States Attorney

By: _____
Matthew J. Rinka
Assistant United States Attorney

20

MANDATE,CLOSED

# U.S. District Court
## Southern District of Indiana (New Albany)
## CRIMINAL DOCKET FOR CASE #: 4:14-cr-00031-TWP-VTW-5

Case title: USA v. FREIRE-PIFFERRER, et al
Magistrate judge case number: 4:15-mj-00020-VTW

Date Filed: 12/10/2014
Date Terminated: 05/09/2016

**Plaintiff**

**USA**                                    represented by   **James Marshall Warden**
UNITED STATES ATTORNEY'S
OFFICE
10 West Market Street
Suite 2100
Indianapolis, IN 46204
(317) 226-6333
Fax: (317) 226-6125
Email: james.warden2@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

**Matthew Rinka**
UNITED STATES ATTORNEY'S
OFFICE
10 West Market Street
Suite 2100
Indianapolis, IN 46204
(317) 229-2865
Email: matthew.rinka@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/01/2015 | 1 | COMPLAINT & AFFIDAVIT approved and signed by Magistrate Judge Van T. Willis, as to YOEL PALENZUELA MENDEZ (1), MARIO HERNANDEZ OQUENDO (2). Electronic Notice to USM. (LBT) [4:15-mj-00020-VTW] (Entered: 06/01/2015) |
| 06/01/2015 | 3 | NOTICE OF ATTORNEY APPEARANCE: David S. Mejia appearing for YOEL PALENZUELA MENDEZ (1), MARIO HERNANDEZ OQUENDO (2) (CJA Appointment). (Mejia, David) [4:15-mj-00020-VTW] (Entered: 06/01/2015) |
| 06/01/2015 | 4 | NOTICE OF ATTORNEY APPEARANCE Matthew Rinka appearing for USA. (LBT) [4:15-mj-00020-VTW] (Entered: 06/01/2015) |

| 06/01/2015 | 7 | Order Appointing CJA Counsel David Mejia as to YOEL PALENZUELA MENDEZ (1). Such appointment shall be deemed effective as of 5/29/2015. Signed by Magistrate Judge Van T. Willis on 6/1/2015. (LBT) [4:15-mj-00020-VTW] (Entered: 06/02/2015) |
|---|---|---|
| 06/01/2015 | 8 | CHARGES AND RIGHTS Form signed by YOEL PALENZUELA MENDEZ (1) and signed by U.S. Magistrate Judge. (LBT) [4:15-mj-00020-VTW] (Entered: 06/02/2015) |
| 06/01/2015 | 9 | PENALTIES Form signed by YOEL PALENZUELA MENDEZ (1) and signed by U.S. Magistrate Judge. (LBT) [4:15-mj-00020-VTW] (Entered: 06/02/2015) |
| 06/01/2015 | 15 | MINUTE ORDER for proceedings held before Magistrate Judge Van T. Willis. Initial Appearance on Complaint held on 6/1/2015. Defendant YOEL PALENZUELA MENDEZ (1) appears in person and by CJA counsel David Mejia. Appearance for the USA by AUSA Matthew Rinka. USPO represented by Brian Bowers. Special Agent Paul Meyer, FBI, also present. Interpreter Christina Courtright appeared in case as to YOEL PALENZUELA MENDEZ (1). Defendant submits a Financial Affidavit which is approved by the Court. David Mejia appointed as CJA counsel for the defendant. Charges, Rights and Penalties explained. The defendant waives reading of the Complaint. The defendant requests a preliminary hearing. The government orally requested pretrial detention for the defendant. Probable Cause/Detention Hearing set for 6/8/2015 at 1:30 PM in room #200, United States Courthouse, 121 W. Spring Street, New Albany, Indiana before Magistrate Judge Van T. Willis. Defendant is remanded to custody of USM. Signed by Magistrate Judge Van T. Willis. (LBT) [4:15-mj-00020-VTW] (Entered: 06/03/2015) |
| 06/03/2015 | 17 | Arrest Warrant Returned by FBI. Service of Warrant EXECUTED on 5/28/2015 in case as to YOEL PALENZUELA MENDEZ (1). (LBT) [4:15-mj-00020-VTW] (Entered: 06/03/2015) |
| 06/05/2015 | 19 | MOTION for PRETRIAL DETENTION by USA as to YOEL PALENZUELA MENDEZ (1), MARIO HERNANDEZ OQUENDO (2). (Rinka, Matthew) [4:15-mj-00020-VTW] (Entered: 06/05/2015) |
| 06/08/2015 | 20 | MINUTE ORDER for proceedings held before Magistrate Judge Van T. Willis: Preliminary and Detention Hearing as to YOEL PALENZUELA MENDEZ (1) held on 6/8/2015.; Defendant YOEL PALENZUELA MENDEZ (1) appears in person and by CJA counsel David Mejia. Appearance for the USA by AUSA Matthew Rinka. USPO represented by Brian Bowers. U.S. Marshal represented by Jeff Whitney and Kevin Ferran. Special Agent Paul Meyer, FBI, also present. Interpreter Roberto Hernandez present and sworn. The Defendant advises the Court he now wishes to waive his right to a preliminary examination and executes a written waiver of the same. The Defendant also waives his right to a detention hearing at this time, however, he reserves the right to request a hearing on the matter at a later date should new evidence become available. 19 Motion for Pretrial Detention as to YOEL PALENZUELA MENDEZ (1) is GRANTED. Defendant is remanded to custody of USM. Counsel jointly moved for release of the Pretrial Services Report. The Court, finding good cause and no promise of confidentiality and no likelihood of harm, ordered the report released to counsel of record. Signed by Magistrate Judge Van T. Willis. (MAG) [4:15-mj-00020-VTW] (Entered: 06/10/2015) |
| 06/08/2015 | 21 | WAIVER of Detention by YOEL PALENZUELA MENDEZ (1). (MAG) (Main Document 21 replaced on 6/10/2015) (MAG). [4:15-mj-00020-VTW] (Entered: 06/10/2015) |

| 06/08/2015 | 22 | WAIVER of Preliminary Hearing by YOEL PALENZUELA MENDEZ (1) (MAG) (Main Document 22 replaced on 6/10/2015) (MAG). [4:15-mj-00020-VTW] (Entered: 06/10/2015) |
|---|---|---|
| 06/24/2015 | 32 | **UNSEALED PER NO. 77** SEALED SUPERSEDING INDICTMENT as to CARLOS ENRIQUE FREIRE-PIFFERRER (1) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 15, 16, 17, 18, 19, 20, 21, 22, 23, JUAN PEREZ-GONZALEZ (2) count(s) 1, 2, 3, 4, 23, EDUARDO HERNANDEZ (3) count(s) 5s, 6s, 7s, 8s, 23s, MARIO HERNANDEZ-OQUENDO (4) count(s) 21, 22, 23, YOEL PALENZUELA-MENDEZ (5) count(s) 21, 22, 23, ORLIS MACHADO-CANTILLO (6) count(s) 9, 10, 11, 12, 13, 14, 17, 18, 19, 20, 23, MIGUEL MOMPIE (7) count(s) 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 23, RITZY ROBERT-MONTANER (8) count(s) 23. Electronic Notice to USM. (LBT) Modified on 6/25/2015 (LBT). Modified on 6/26/2015 (LBT). Modified on 7/8/2015 to show indictment unsealed (LBT). (Entered: 06/25/2015) |
| 06/24/2015 | 35 | NOTICE OF ATTORNEY APPEARANCE Matthew Rinka appearing for USA. (LBT) (Entered: 06/26/2015) |
| 06/26/2015 | 63 | NOTIFICATION of Assigned Judge, Automatic Not Guilty Plea, Trial Date, Discovery Order and Other Matters as to YOEL PALENZUELA-MENDEZ (5). Electronic Notice to USM. Jury Trial set for 8/31/2105 at 9:00 AM in room #200, United States Courthouse, 121 W. Spring Street, New Albany, Indiana before Judge Tanya Walton Pratt. Signed by Judge Tanya Walton Pratt on 6/26/2015. (LBT) (Entered: 06/26/2015) |
| 07/01/2015 | 70 | SCHEDULING ORDER as to YOEL PALENZUELA-MENDEZ (5) - Initial Appearance on Superseding Indictment set for 7/10/2015 at 2:00 PM in room #200, United States Courthouse, 121 W. Spring Street, New Albany, Indiana before Magistrate Judge Van T. Willis. Signed by Magistrate Judge Van T. Willis on 7/1/2015. (LBT) (Entered: 07/01/2015) |
| 07/09/2015 | 99 | Arrest Warrant Returned by US Marshal. Service of Warrant EXECUTED on 6/26/2015 in case as to YOEL PALENZUELA-MENDEZ (5). (MAG) (Entered: 07/10/2015) |
| 07/10/2015 | 105 | SCHEDULING ORDER as to EDUARDO HERNANDEZ (3), CARLOS ENRIQUE FREIRE-PIFFERRER (1), JUAN PEREZ-GONZALEZ (2), YOEL PALENZUELA-MENDEZ (5), MARIO HERNANDEZ-OQUENDO (4), ORLIS MACHADO-CANTILLO (6), MIGUEL MOMPIE (7), RITZY ROBERT-MONTANER (8). The trial by jury in this matter remains set for August 31, 2015 at 9:00 a.m. Final Pretrial Conference set for 8/12/2015 at 02:00 PM in room #344, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Judge Tanya Walton Pratt. Counsel shall be prepared to fully discuss the status of the action in accordance with the agenda for final pretrial conferences set out in this Court's Courtroom Practice and Trial Procedures. The Defendant is ordered to appear at the final pretrial conference. **SEE ORDER FOR IMPORTANT DEADLINES**. Signed by Judge Tanya Walton Pratt on 7/10/2015. (AH) (Entered: 07/13/2015) |
| 07/10/2015 | 109 | CHARGES AND RIGHTS Form signed by YOEL PALENZUELA-MENDEZ (5) and signed by U.S. Magistrate Judge. (MAG) (Entered: 07/13/2015) |
| 07/10/2015 | 110 | PENALTIES Form signed by YOEL PALENZUELA-MENDEZ (5) and signed by U.S. Magistrate Judge. (MAG) (Entered: 07/13/2015) |

| 07/10/2015 | 113 | MINUTE ORDER for proceedings held before Magistrate Judge Van T. Willis. Initial Appearance on a Superseding Indictment held on 7/10/2015. Appearance for the government by AUSA Matthew Rinka, via telephone. Defendant YOEL PALENZUELA-MENDEZ (5) appears in person and by CJA counsel David Mejia. U.S. Probation represented by Brian Bowers. Interpreter Roberto Hernandez was present and sowrn to interpret the proceedings for the benefit of the defendant. U.S. Marshal represented by Kevin Ferran and Jeff Whitney. Special Agent Ronnie Hornback, FBI, also present. Defendant waives formal reading of the Superseding Indictment. Defendant also waives formal arraignment. Charges, Rights and Penalties explained. Parties ordered to meet and confer regarding disclosure of evidence on or before 7/24/2015. the defendant executes the rights form and penalty sheet in open court. The defendant is advised of the jury trial date. The defendant was ordered detained on June 8, 2015, and that order remains in effect. The defendant is remanded to the custody of USM. Signed by Magistrate Judge Van T. Willis. (MAG) Modified on 7/14/2015 to correct date filed (MAG). (Entered: 07/14/2015) |
|---|---|---|
| 07/29/2015 | 120 | SEALED SUPERSEDING INDICTMENT as to CARLOS ENRIQUE FREIRE-PIFFERRER (1) count(s) 1s, 2s, 3s, 4s-5s, 6s, 7s, 8s, 15s, 16s, 17s, 18s, 19s, 20s, 21s, 22s, 23s, JUAN PEREZ-GONZALEZ (2) count(s) 1s, 2s, 3s, 4s, 23s, EDUARDO HERNANDEZ (3) 5ss, 6ss, 7ss, 8ss, 23ss, MARIO HERNANDEZ-OQUENDO (4) count(s) 21s, 22s, 23s, YOEL PALENZUELA-MENDEZ (5) count(s) 21s, 22s, 23s, ORLIS MACHADO-CANTILLO (6) count(s) 9s, 10s, 13s, 14s, 17s, 18s, 19s, 20s, 23s, MIGUEL MOMPIE (7) count(s) 9s, 10s, 13s, 14s, 15s, 16s, 17s, 18s, 19s, 20s, 23s, RITZY ROBERT-MONTANER (8) count(s) 23s, ROBERTO SANTOS-GONZALEZ (9) count(s) 1, 2, 3, 4-5, 6, 7, 8, 23, CARLOS MENDEZ-ROSA (10) count(s) 21, 22. 23. Electronic Notice to USM. (RSF) (Main Document 120 replaced on 7/29/2015) (RSF). (Entered: 07/29/2015) |
| 07/29/2015 | 123 | NOTICE OF ATTORNEY APPEARANCE Matthew Rinka appearing for USA. (RSF) (Entered: 07/29/2015) |
| 07/31/2015 | 176 | ORDER as to EDUARDO HERNANDEZ (3), CARLOS ENRIQUE FREIRE-PIFFERRER (1), JUAN PEREZ-GONZALEZ (2), YOEL PALENZUELA-MENDEZ (5), MARIO HERNANDEZ-OQUENDO (4), RITZY ROBERT-MONTANER (8)-The defendants having been charged in a second superseding indictment returned on 7/29/2015, and having previously appeared in the superseding indictment under this same cause number, are hereby notified that he or she may WAIVE the initial appearance, arraignment, and execution of the warrant/summons as to the second superseding indictment. If it is the intent of the defendant to waive the initial appearance, arraignment and execution of the warrant/summons, the defendant is to file with the Court, in writing, by the close of business on 8/14/2015, a waiver of initial appearance, formal arraignment and execution of warrant as to the Second Superseding Indictment filed on 7/29/2015. If a waiver is not received, these defendants will have an Initial Appearance on 8/21/2015 at 10:30 AM in room #200, United States Courthouse, 121 W. Spring Street, New Albany, Indiana before Magistrate Judge Van T. Willis. Signed by Magistrate Judge Van T. Willis on 7/31/2015. (LBT) (Entered: 07/31/2015) |
| 08/05/2015 | 179 | Unopposed MOTION to Continue *Jury Trial* by YOEL PALENZUELA-MENDEZ (5). (Attachments: # 1 Text of Proposed Order)(Mejia, David) (Entered: 08/05/2015) |

| 08/05/2015 | 182 | NOTICE of Reassignment of case as to YOEL PALENZUELA-MENDEZ (5) to Magistrate Judge Van T. Willis. Magistrate Judge William G. Hussmann, Jr no longer assigned to the case. Please include the new case number, **4:14-cr-31-TWP-VTW-5**, on all future filings in this matter. (MAG) (Entered: 08/05/2015) |
|---|---|---|
| 08/07/2015 | 192 | MOTION to Reset Trial Date by USA as to EDUARDO HERNANDEZ (3), CARLOS ENRIQUE FREIRE-PIFFERRER (1), JUAN PEREZ-GONZALEZ (2), YOEL PALENZUELA-MENDEZ (5), MARIO HERNANDEZ-OQUENDO (4), ORLIS MACHADO-CANTILLO (6), MIGUEL MOMPIE (7), RITZY ROBERT-MONTANER (8), ROBERTO SANTOS-GONZALEZ (9), CARLOS MENDEZ-ROSA (10). (Attachments: # 1 Text of Proposed Order Granting Government's Motion to Join Trial Dates)(Rinka, Matthew) Modified on 8/10/2015 to correct event (MAG). (Entered: 08/07/2015) |
| 08/11/2015 | 195 | ** PLEASE DISREGARD AMENDED MOTION FILED AT DOC. 197. ** MOTION to Unseal Case by USA as to EDUARDO HERNANDEZ (3), CARLOS ENRIQUE FREIRE-PIFFERRER (1), JUAN PEREZ-GONZALEZ (2), YOEL PALENZUELA-MENDEZ (5), MARIO HERNANDEZ-OQUENDO (4), ORLIS MACHADO-CANTILLO (6), MIGUEL MOMPIE (7), RITZY ROBERT-MONTANER (8), ROBERTO SANTOS-GONZALEZ (9), CARLOS MENDEZ-ROSA (10). (Attachments: # 1 Text of Proposed Order)(Rinka, Matthew) Modified on 8/12/2015 (MAG). (Entered: 08/11/2015) |
| 08/11/2015 | 197 | Amended MOTION to Unseal Case by USA as to EDUARDO HERNANDEZ (3), CARLOS ENRIQUE FREIRE-PIFFERRER (1), JUAN PEREZ-GONZALEZ (2), YOEL PALENZUELA-MENDEZ (5), MARIO HERNANDEZ-OQUENDO (4), ORLIS MACHADO-CANTILLO (6), MIGUEL MOMPIE (7), RITZY ROBERT-MONTANER (8), ROBERTO SANTOS-GONZALEZ (9), CARLOS MENDEZ-ROSA (10). (Attachments: # 1 Text of Proposed Order Granting Government's Motion to Unseal Case)(Rinka, Matthew) (Entered: 08/11/2015) |
| 08/11/2015 | 201 | ORDER granting 192 Motion to Re-Set Trial Date as to CARLOS ENRIQUE FREIRE-PIFFERRER (1), JUAN PEREZ-GONZALEZ (2), EDUARDO HERNANDEZ (3), MARIO HERNANDEZ-OQUENDO (4), YOEL PALENZUELA-MENDEZ (5), ORLIS MACHADO-CANTILLO (6), MIGUEL MOMPIE (7), RITZY ROBERT-MONTANER (8), ROBERTO SANTOS-GONZALEZ (9), CARLOS MENDEZ-ROSA (10), granting 179 Motion to Continue as to YOEL PALENZUELA-MENDEZ (5), and granting 191 Motion to Continue as to RITZY ROBERT-MONTANER (8). Final Pretrial Conference set 8/12/2015 is VACATED and RESET for 9/9/2015 at 11:00 AM in room #344, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Judge Tanya Walton Pratt as to CARLOS ENRIQUE FREIRE-PIFFERRER (1), JUAN PEREZ-GONZALEZ (2), EDUARDO HERNANDEZ (3), MARIO HERNANDEZ-OQUENDO (4), YOEL PALENZUELA-MENDEZ (5), ORLIS MACHADO-CANTILLO (6), MIGUEL MOMPIE (7), RITZY ROBERT-MONTANER (8), ROBERTO SANTOS-GONZALEZ (9). Jury Trial set for 8/31/2015 is VACATED and RESET for 9/28/2015 at 9:00 AM in room #200, United States Courthouse, 121 W. Spring Street, New Albany, Indiana before Judge Tanya Walton Pratt as to CARLOS ENRIQUE FREIRE-PIFFERRER (1), JUAN PEREZ-GONZALEZ (2), EDUARDO HERNANDEZ (3), MARIO HERNANDEZ-OQUENDO (4), YOEL PALENZUELA-MENDEZ (5), ORLIS MACHADO-CANTILLO (6), MIGUEL MOMPIE (7), RITZY ROBERT-MONTANER (8), ROBERTO SANTOS-GONZALEZ (9). Signed by Judge Tanya Walton Pratt on |

| | | |
|---|---|---|
| | | 8/11/2015 (copy emailed to all counsel of record).(LBT) (Entered: 08/11/2015) |
| 08/12/2015 | 205 | NOTICE OF ATTORNEY APPEARANCE James Marshall Warden appearing for USA. (Warden, James) (Entered: 08/12/2015) |
| 08/17/2015 | 209 | SCHEDULING ORDER as to YOEL PALENZUELA-MENDEZ (5), MARIO HERNANDEZ-OQUENDO (4) - The court, on its own motion, hereby RESETS the Initial Appearance on the Second Superseding Indictment, as to these Defendants only, for 8/21/2015 at 11:00 AM in room #200, United States Courthouse, 121 W. Spring Street, New Albany, Indiana before Magistrate Judge Van T. Willis. PLEASE MAKE NOTE OF THIS TIME CHANGE. Signed by Magistrate Judge Van T. Willis on 8/17/2015. (LBT) (Entered: 08/17/2015) |
| 08/21/2015 | 229 | MINUTE ORDER for proceedings held before Magistrate Judge Van T. Willis. Initial Appearance on a Second Superseding Indictment held on 8/21/2015. Appearance for the government by AUSA Jim Warden, via telephone. Defendant YOEL PALENZUELA-MENDEZ (5) appears in person and by CJA counsel, David Mejia. Interpreter Joshua Elliott was present and sworn to interpret the proceedings for the benefit of the defendant. U.S. Marshal represented by Kevin Ferran and Jeff Whitney. The defendant wavies formal reading of the Second Superseding Indictment. Defendant waives formal arraignment. Charges, Rights and Penalties explained. Disclosure is ongoing and will continue to be provided to counsel as it becomes available. The defendant executes the rights form and penalties sheet in open court. The defendant is advised of the jury trial date. The defendant was ordered detained on June 8, 2015, and that order remains in effect. Defendant is remanded to custody of USM. Signed by Magistrate Judge Van T. Willis. (Entered: 08/21/2015) |
| 08/21/2015 | 230 | CHARGES AND RIGHTS Form signed by YOEL PALENZUELA-MENDEZ (5) and signed by U.S. Magistrate Judge. (MAG) (Entered: 08/21/2015) |
| 08/21/2015 | 231 | PENALTIES Form signed by YOEL PALENZUELA-MENDEZ (5) and signed by U.S. Magistrate Judge. (MAG) (Entered: 08/21/2015) |
| 08/21/2015 | 232 | ORDER granting 217 Motion to Declare Case Complex as to MIGUEL MOMPIE (7). Any resulting delays are excluded from the Speedy Trial Act's time limits pursuant to 18 U.S.C. § 3161(h). Signed by Judge Tanya Walton Pratt on 8/21/2015.(LBT) (Entered: 08/21/2015) |
| 08/21/2015 | 233 | ORDER granting 218 Motion to Continue as to CARLOS ENRIQUE FREIRE-PIFFERRER (1), JUAN PEREZ-GONZALEZ (2), EDUARDO HERNANDEZ (3), MARIO HERNANDEZ-OQUENDO (4), YOEL PALENZUELA-MENDEZ (5), ORLIS MACHADO-CANTILLO (6), MIGUEL MOMPIE (7), RITZY ROBERT-MONTANER (8), ROBERTO SANTOS-GONZALEZ (9). The 9/9/2015 Final Pretrial Conference is converted to a Status Conference. All counsel are ordered to appear on 9/9/2015 at 11:00 AM in room #344, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Judge Tanya Walton Pratt. Defendants shall appear unless counsel expressly files a written waiver of their appearance. A new trial date will be scheduled at the status conference. Signed by Judge Tanya Walton Pratt on 8/21/2015.(LBT) (Entered: 08/21/2015) |
| 08/27/2015 | 245 | Arrest Warrant Returned by US Marshal. Service of Warrant EXECUTED on 7/30/2015 in case as to YOEL PALENZUELA-MENDEZ (5). (MAG) (Entered: 08/27/2015) |

| | | |
|---|---|---|
| 09/03/2015 | 253 | MOTION *to Appear Telephonically* by YOEL PALENZUELA-MENDEZ (5) as to EDUARDO HERNANDEZ (3), CARLOS ENRIQUE FREIRE-PIFFERRER (1), JUAN PEREZ-GONZALEZ (2), YOEL PALENZUELA-MENDEZ (5), MARIO HERNANDEZ-OQUENDO (4), ORLIS MACHADO-CANTILLO (6), MIGUEL MOMPIE (7), RITZY ROBERT-MONTANER (8), ROBERTO SANTOS-GONZALEZ (9), CARLOS MENDEZ-ROSA (10). (Attachments: # 1 Text of Proposed Order)(Mejia, David) (Entered: 09/03/2015) |
| 09/08/2015 | 256 | ORDER granting 253 Motion for Counsel to Appear Telephonically at the 9/9/2015 Status Conference as to YOEL PALENZUELA-MENDEZ (5). Attorney David Mejia may appear telephonically to the 9/9/2015 status conference and Mr. Palenzuela-Mendez's appearance is waived. Signed by Judge Tanya Walton Pratt on 9/8/2015.(LBT) (Entered: 09/08/2015) |
| 09/09/2015 | 265 | MINUTE ORDER for proceedings held before Judge Tanya Walton Pratt: Status Conference as to EDUARDO HERNANDEZ (3), CARLOS ENRIQUE FREIRE-PIFFERRER (1), JUAN PEREZ-GONZALEZ (2), YOEL PALENZUELA-MENDEZ (5), MARIO HERNANDEZ-OQUENDO (4), ORLIS MACHADO-CANTILLO (6), MIGUEL MOMPIE (7), RITZY ROBERT-MONTANER (8), and ROBERTO SANTOS-GONZALEZ (9) held on 9/9/2015. Appearance for the government by AUSA James Warden and Matthew Rinka. Paul Meyer, FBI, appeared as agent for the government. Defendant EDUARDO HERNANDEZ (3) appeared by counsel William Corrigan telephonically, defendant CARLOS ENRIQUE FREIRE-PIFFERRER (1) appeared by counsel Brendan McLeod telephonically, defendant JUAN PEREZ-GONZALEZ (2) appeared in person, in custody, and by counsel Jennifer H. Culotta, defendant YOEL PALENZUELA-MENDEZ (5) appeared by counsel David S. Mejia telephonically, defendant MARIO HERNANDEZ-OQUENDO (4) appeared by counsel Logan Sims telephonically, defendant ORLIS MACHADO-CANTILLO (6) appeared in person, in custody, and by counsel Frank Paul Campisano, defendant MIGUEL MOMPIE (7) appeared by counsel Jonathan S. Ricketts telephonically, defendant RITZY ROBERT-MONTANER (8) appeared in person and by counsel James Adrian Earhart, and defendant ROBERTO SANTOS-GONZALEZ (9) appeared in person, in custody, and by counsel, Patrick J. Renn. Christina Courtright served as Spanish Interpreter. David Moxley was the Court Reporter. Final Pretrial Conference set for 2/17/2016 at 11:00 AM, in room #344, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Judge Tanya Walton Pratt. Jury Trial set for 3/7/2016 at 9:00 AM, in room #200, United States Courthouse, 121 W. Spring Street, New Albany, Indiana before Judge Tanya Walton Pratt. No later than 11/1/2015, the parties shall confer and file a joint scheduling order which includes deadlines for pretrial filings. Signed by Judge Tanya Walton Pratt.(MAG) (Entered: 09/10/2015) |
| 09/15/2015 | 266 | SPECIFIC FINDINGS ON ORDER GRANTING CONTIUNANCE as to EDUARDO HERNANDEZ (3), CARLOS ENRIQUE FREIRE-PIFFERRER (1), JUAN PEREZ-GONZALEZ (2), YOEL PALENZUELA-MENDEZ (5), MARIO HERNANDEZ-OQUENDO (4), ORLIS MACHADO-CANTILLO (6), MIGUEL MOMPIE (7), RITZY ROBERT-MONTANER (8), ROBERTO SANTOS-GONZALEZ (9), CARLOS MENDEZ-ROSA (10) re 265 Entry for September 9, 2015 Status Conference. Signed by Judge Tanya Walton Pratt on 9/15/2015. (LBT) (Entered: 09/15/2015) |
| 10/28/2015 | 282 | MOTION TO SET THIS CASE FOR THE ENTRY OF DEFENDANT'S PLEA OF GUILTY as to YOEL PALENZUELA-MENDEZ (5). Electronic Notice to |

| | | |
|---|---|---|
| | | USM.(Mejia, David) Modified on 10/29/2015 to correct event and accurately describe document filed (MAG). (Entered: 10/28/2015) |
| 10/28/2015 | 283 | MOTION *FOR CHANGE OF PLEA HEARING* by USA as to YOEL PALENZUELA-MENDEZ (5). (Attachments: # 1 Text of Proposed Order)(Rinka, Matthew) (Entered: 10/28/2015) |
| 10/30/2015 | 284 | ORDER granting 282 and 283 Motions for Hearing as to YOEL PALENZUELA-MENDEZ (5). Change of Plea Hearing set for 12/9/2015 at 11:00 AM in room #344, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Judge Tanya Walton Pratt. Sentencing Hearing set for 3/25/2016 at 10:00 AM in room #200, United States Courthouse, 121 W. Spring Street, New Albany, Indiana before Judge Tanya Walton Pratt. Signed by Judge Tanya Walton Pratt on 10/30/2015.(LBT) (Entered: 10/30/2015) |
| 11/16/2015 | 289 | ORDER TO SHOW CAUSE as to EDUARDO HERNANDEZ (3), CARLOS ENRIQUE FREIRE-PIFFERRER (1), JUAN PEREZ-GONZALEZ (2), YOEL PALENZUELA-MENDEZ (5), MARIO HERNANDEZ-OQUENDO (4), ORLIS MACHADO-CANTILLO (6), MIGUEL MOMPIE (7), RITZY ROBERT-MONTANER (8), ROBERTO SANTOS-GONZALEZ (9), CARLOS MENDEZ-ROSA (10). On 9/9/2015, this Court ordered parties to file a joint scheduling order including deadlines for pretrial files by 11/1/2015. As of today's date, parties have not filed their joint scheduling order. Counsel shall show cause no later than 11/23/2015 as to why the joint scheduling order was not filed. Signed by Judge Tanya Walton Pratt on 11/16/2015. (LBT) (Entered: 11/16/2015) |
| 11/16/2015 | 291 | ORDER as to EDUARDO HERNANDEZ (3), CARLOS ENRIQUE FREIRE-PIFFERRER (1), JUAN PEREZ-GONZALEZ (2), YOEL PALENZUELA-MENDEZ (5), MARIO HERNANDEZ-OQUENDO (4), ORLIS MACHADO-CANTILLO (6), MIGUEL MOMPIE (7), RITZY ROBERT-MONTANER (8), ROBERTO SANTOS-GONZALEZ (9), CARLOS MENDEZ-ROSA (10). On November 16, 2015, this Court issued an Order to Show Cause. That order is now discharged. Parties shall comply with the deadlines set out in Filing No. 281. Signed by Judge Tanya Walton Pratt on 11/16/2015. (MAG) (Entered: 11/16/2015) |
| 12/09/2015 | 307 | MINUTE ENTRY for change of plea hearing held before Judge Tanya Walton Pratt on 12/9/2015: Defendant YOEL PALENZUELA-MENDEZ (5) appeared by CJA counsel David S. Mejia. Appearance for the USA by AUSA Matthew Rinka. COURT FINDS factual basis for plea and plea voluntarily made. COURT ACCEPTS Plea and ADJUDGES Deft GUILTY as charged. Sentencing remains set 3/25/2016 at 10:00 a.m. in Courtroom 200, New Albany, Indiana. Signed by Judge Tanya Walton Pratt. (Court Reporter David Moxley) (TRG) (Entered: 12/09/2015) |
| 03/03/2016 | 360 | MOTION to Continue *Sentencing* by YOEL PALENZUELA-MENDEZ (5). (Attachments: # 1 Text of Proposed Order)(Mejia, David) (Entered: 03/03/2016) |
| 03/08/2016 | 361 | ORDER granting 360 Motion to Continue as to YOEL PALENZUELA-MENDEZ (5) - On Motion of the Defendant, Yoel Palenzuela-Mendez, by his trial attorney, David S.Mejia, to continue the sentencing. IT IS HEREBY ORDERED that the Motion is Granted. The previous order setting the sentencing hearing for March 25, 2016 is vacated. Sentencing in this case is scheduled for April 29, 2016 at 9:00 a.m. in Courtroom 200, Lee H. Hamilton Federal Building and United States Courthouse, New Albany, Indiana. Signed by Judge Tanya Walton Pratt on 3/8/2016. (MAG) (Entered: 03/08/2016) |

| 04/19/2016 | 379 | OBJECTION to 377 Presentence Investigation Report, filed by YOEL PALENZUELA-MENDEZ (5) . (Mejia, David) (Entered: 04/19/2016) |
|---|---|---|
| 04/26/2016 | 383 | RESPONSE *in Opposition to 379 Defendant's Objection to the Presentence Investigation Report* as to YOEL PALENZUELA MENDEZ and re 343 OBJECTION to Presentence Investigation Report as to MARIO HERNANDEZ-OQUENDO, by USA as to MARIO HERNANDEZ-OQUENDO (4), YOEL PALENZUELA-MENDEZ (5). (Attachments: # 1 Exhibit No. 1 - Bill of Lading, # 2 Exhibit No. 2 - Photos of Stolen Merchandise, # 3 Exhibit No. 3 - FBI 302 re: Interview of T-Mobile Representative, # 4 Exhibit No. 4 - Email from T-Mobile Representative re: Value of Stolen Merchandise)(Rinka, Matthew) Modified on 4/27/2016 clarify related documents (LBT). (Entered: 04/26/2016) |
| 04/27/2016 | 385 | REPLY in Support of 379 Objection to 377 Presentence Investigation Report by YOEL PALENZUELA-MENDEZ (5) (Mejia, David) Modified on 4/27/2016 to create link to correctly related document (LBT). (Entered: 04/27/2016) |
| 04/29/2016 | 394 | MINUTE ENTRY for sentencing held before Judge Tanya Walton Pratt on 4/29/2016: Defendant YOEL PALENZUELA-MENDEZ (5) appeared in person and by CJA counsel David S. Mejia. Appearance for the USA by AUSA Matthew Rinka. USPO represented by Greg Coomes. Evidence and testimony presented. Sentence imposed. Judgment forthcoming. Defendant is remanded to custody of USM. Signed by Judge Tanya Walton Pratt. Interpreter: Christina Courtright. (Court Reporter David Moxley) (TRG) (Entered: 05/02/2016) |
| 05/09/2016 | 399 | JUDGMENT as to YOEL PALENZUELA-MENDEZ (5). Defendant pled guilty to Counts 21, 22 and 23. IMPRISONMENT: 60 months on each count, concurrent. SUPERVISED RELEASE: 3 years on each count, concurrent. S.A. FEE: $300.00. Signed by Judge Tanya Walton Pratt on 5/9/2016. (LBT) (Entered: 05/09/2016) |
| 05/11/2016 | 405 | NOTICE OF APPEAL by YOEL PALENZUELA-MENDEZ (5) as to YOEL PALENZUELA-MENDEZ (5) re 399 Judgment. (No fee paid with this filing) (Mejia, David) Modified on 5/11/2016 to clarify NOA relates to only 1 defendant (LBT). (Entered: 05/11/2016) |
| 05/11/2016 | 406 | MOTION for Leave to Appeal In Forma Pauperis by YOEL PALENZUELA-MENDEZ (5) as to YOEL PALENZUELA-MENDEZ (5). (Mejia, David) Modified on 5/11/2016 to clarify document relates to only 1 defendant (LBT). (Entered: 05/11/2016) |
| 05/11/2016 | 407 | PARTIES' SHORT RECORD as to YOEL PALENZUELA-MENDEZ (5) re 405 Notice of Appeal **- Instructions for Attorneys and Designation of Record information attached.** (A paper copy of the Short Record was sent on 5/11/2016 to the defendant, via US Mail, at *Grayson County Detention Center.*) (LBT) (Entered: 05/11/2016) |
| 05/11/2016 | 408 | Transmission of Notice of Appeal and Docket Sheet as to YOEL PALENZUELA-MENDEZ (5) to US Court of Appeals re 405 Notice of Appeal. **- for Court of Appeals Use Only.** (LBT) (Entered: 05/11/2016) |
| 05/11/2016 | 409 | USCA Case Number 16-2095 as to YOEL PALENZUELA-MENDEZ (5) for 405 Notice of Appeal filed by YOEL PALENZUELA-MENDEZ. (MAG) (Entered: 05/11/2016) |

| | | |
|---|---|---|
| 05/12/2016 | 410 | ENTRY - 406 Motion for Leave to Appeal In Forma Pauperis (USCA #16-2095) as to YOEL PALENZUELA-MENDEZ (5) is GRANTED. The request that CJA counsel be appointed to represent the defendant in the criminal appeal is denied as filed in this Court, because this Court cannot appoint appellate counsel. Such request must be directed to the Court of Appeals. Signed by Judge Tanya Walton Pratt on 5/12/2016.(LBT) (Entered: 05/12/2016) |
| 05/20/2016 | 420 | MOTION *to Voluntarily Dismiss Appeal* by YOEL PALENZUELA-MENDEZ (5). (Attachments: # 1 Text of Proposed Order)(Mejia, David) (Entered: 05/20/2016) |
| 05/23/2016 | 424 | ORDER - 420 Motion to Dismiss Appeal as to YOEL PALENZUELA-MENDEZ (5) is DENIED. See Order for details. Signed by Judge Tanya Walton Pratt on 5/23/2016. **Emailed to USCA re #16-2095**(LBT) (Entered: 05/24/2016) |
| 05/26/2016 | 427 | MANDATE of USCA (certified copy) as to YOEL PALENZUELA-MENDEZ (5) re 405 Notice of Appeal (USCA #16-2095) - IT IS ORDERED that this case is DISMISSED, pursuant to Federal Rule of Appellate Procedure 42(b) and Circuit Rule 51(f). (MAG) (Entered: 05/26/2016) |
| 07/08/2016 | 456 | Unopposed MOTION for Extension of Time to File Response/Reply as to 446 Brief/Memorandum in Support of Motion, 445 Second MOTION to Suppress *Fruits of Search*, 437 MOTION to Suppress *Arrest and Search* by USA as to MIGUEL MOMPIE (7), RITZY ROBERT-MONTANER (8). (Attachments: # 1 Text of Proposed Order Granting Government's Motion for Extension of Time)(Rinka, Matthew) Modified on 7/12/2016 to clarify motion filed (MAG). (Entered: 07/08/2016) |
| 03/09/2018 | 823 | MOTION *to Enter Plea of Guity and for Separate Sentencing* by RAICO BENITEZ-CASTILLO (12) as to RAICO BENITEZ-CASTILLO (12). (Attachments: # 1 Text of Proposed Order)(Cox, Scott) Modified on 3/15/2018 to remove unrelated defendants (LBT). (Entered: 03/09/2018) |
| 08/14/2018 | 891 | MOTION for Return of Property, filed by YOEL PALENZUELA-MENDEZ (5). (Attachments: # 1 Envelope)(LBT) (Entered: 08/15/2018) |
| 08/20/2018 | 892 | ORDER as to YOEL PALENZUELA-MENDEZ (5) - On August 14, 2018, the Court received a letter from Defendant, pro se, requesting return of property. The Government shall respond no later than September 4, 2018. Signed by Judge Tanya Walton Pratt on 8/20/2018. Copy sent to defendant via US Mail. (MAT) (Entered: 08/21/2018) |
| 08/30/2018 | 894 | MOTION for Extension of Time to File Response/Reply as to 891 MOTION for Return of Property/PostTrial, 892 Order by USA as to YOEL PALENZUELA-MENDEZ (5). (Attachments: # 1 Text of Proposed Order)(Rinka, Matthew) (Entered: 08/30/2018) |
| 09/05/2018 | 895 | ORDER granting 894 Motion for Extension of Time to File Response - This matter having come before the Court on the United States' motion for an extension of time to respond to the Defendant's Motion for Return of Property, docketed in this cause of action on August 14, 2018. The Court now GRANTS the motion. The United States shall have to and including October 2, 2018, to file its response to the Defendant's motion. Signed by Judge Tanya Walton Pratt on 9/4/2018. Copy sent to defendant via US Mail. (MAT) (Entered: 09/05/2018) |

| 09/27/2018 | 896 | MOTION to Withdraw Attorney Appearance by Debra G. Richards. by USA as to EDUARDO HERNANDEZ (3), CARLOS ENRIQUE FREIRE-PIFFERRER (1), JUAN PEREZ-GONZALEZ (2), YOEL PALENZUELA-MENDEZ (5), MARIO HERNANDEZ-OQUENDO (4), ORLIS MACHADO-CANTILLO (6), MIGUEL MOMPIE (7), RITZY ROBERT-MONTANER (8), ROBERTO SANTOS-GONZALEZ (9), CARLOS MENDEZ-ROSA (10), DANIEL GONZALEZ-INSUA (11), RAICO BENITEZ-CASTILLO (12), RAMON SERA-MASTRAPA (13). (Attachments: # 1 Text of Proposed Order)(Richards, Debra) (Entered: 09/27/2018) |
|---|---|---|
| 09/28/2018 | 897 | RESPONSE in Opposition re 891 MOTION for Return of Property/PostTrial by USA as to YOEL PALENZUELA-MENDEZ (5) *Response to Defendant's Motion for Return of Property and Cross-Motion of the United States for Turnover of Seized Funds and for Disbursement by Clerk of Court* (Attachments: # 1 Exhibit Attachment - Declaration of Special Agent Meyer)(Rinka, Matthew) (Entered: 09/28/2018) |
| 09/28/2018 | 898 | ORDER granting 896 Motion to Withdraw Attorney Appearance. Debra G. Richards withdrawn from case. Signed by Judge Tanya Walton Pratt on 9/28/2018. (MAT) (Entered: 09/28/2018) |
| 10/10/2018 | 899 | ORDER as to YOEL PALENZUELA-MENDEZ (5) - On August 14, 2018, pro se Defendant Yoel Palenzuela-Mendez filed a Motion for Return of Property seeking $676.00 that was seized from him at the time of his arrest. (Dkt. 891 ). This matter is presently before the Court on the United States' Response to Defendant's Motion for Return of Property and Cross-Motion of the United States for Turnover of Seized Funds and for Disbursement by Clerk of Court (Dkt. 897 ). In their cross-motion, the United States asks that $75.00 be applied to defendant's outstanding special assessment fee balance and the remaining $601.00 be used to reimburse the costs of defendant's court appointed counsel. Mr. Palenzuela-Mendez shall have until Wednesday, October 31, 2018, to reply/respond to the Government's cross-motion. Signed by Judge Tanya Walton Pratt on 10/10/2018. Copy sent to defendant via US Mail. (MAT) (Entered: 10/10/2018) |
| 11/26/2018 | 903 | ENTRY ON DEFENDANT'S MOTION FOR RETURN OF PROPERTY AND GOVERNMENT'S CROSS-MOTION FOR TURNOVER OF SEIZED PROPERTY - For the reasons stated above, pro se Defendant Yoel Palenzuela-Mendez's Motion for Return of Property (Dkt. 891 ) is GRANTED in part and DENIED in part. It is granted in that Mendez's wallet, identification, Social Security work permit, and credit cards shall be returned upon completion of the entire case and appeals. It is denied as to the return of any currency. The United States' Cross-Motion for Turnover of Seized Funds and for Disbursement by Clerk of Court (Dkt. 897 ) is GRANTED. The Court ORDERS as follows: The Federal Bureau of Investigations is directed to convert United States Currency in the total sum of $75.00 into a check or money order made payable to the Clerk of the United States District Court, Southern District of Indiana, Indianapolis Division, and to deliver the check to the Clerk at 46 East Ohio Street, Room 105, Indianapolis, Indiana, 46204. The Clerk shall apply the $75.00 to Mendez's outstanding balance under the Judgment entered in this action. The FBI is directed to deposit the balance of the funds, $601.00, with the Clerk of the Court as reimbursement for CJA attorney costs expended for the representation of Mendez in his criminal prosecution. See Order for details. Signed by Judge Tanya Walton Pratt on 11/26/2018. Copies sent per distribution list. (MAT) (Entered: 11/26/2018) |

| 10/05/2021 | 966 | USPO Request for Transfer OUT of Jurisdiction of SUPERVISED RELEASE to Southern District of Florida, filed by Officer Bob Akers as to YOEL PALENZUELA-MENDEZ (5). (Attachments: # 1 USPO Memo)(LBT) Modified on 10/6/2021 to correct date of filing (LBT). (Entered: 10/06/2021) |
| 10/07/2021 | 967 | ORDER /ENTRY granting 966 Request for Transfer OUT of Jurisdiction of SUPERVISED RELEASE to Southern District of Florida as to YOEL PALENZUELA-MENDEZ (5). Signed by Judge Tanya Walton Pratt on 10/7/2021.(LBT) (Entered: 10/07/2021) |
| 10/07/2021 | | Notice of a Transfer of Jurisdiction as to YOEL PALENZUELA-MENDEZ (5). Using a PACER account, the docket sheet and any documents may be received via the case number link. No documents/record will be sent to the receiving district court.<br><br>Upon acceptance/denial of this transfer, the receiving district court should please send a copy of the signed Order to InterdistrictTransfer_INSD@insd.uscourts.gov.<br><br>If the receiving district court requires certified copies of any documents please send that request to InterdistrictTransfer_INSD@insd.uscourts.gov. (LBT) (Entered: 10/07/2021) |

**Case #: 4:14-cr-00031-TWP-VTW-5**

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/19/2021 15:45:40 | | |
| **PACER Login:** | kiarasnipes:6713861:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:14-cr-00031-TWP-VTW |
| **Billable Pages:** | 12 | **Cost:** | 1.20 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |

**PACER fee: Exempt**